

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

                    Opinion Number O-5613
                    Re: Is it the duty of the State
                    Treasurer as custodian to
                    notify the county, city, or
                    district when bonds and in-
                    terest become due, and is he
                    liable to said fund for bonds
                    and interest which become de-
                    linquent?

      We have your letter of the 11th inst., reading as
follows:

      "In regard to the bonds purchased by the
State Board of Education for the State Perma-
nent School Fund and held by the State Treasurer
as Custodian, I respectfully request a written
opinion from your Department on the following:

      "1. Is it the duty of the State Treasurer
          to notify the County, City or District
          when bonds and/or interest on bonds of
          such County, City or District become
          due?

      "2. Is the State Treasurer, as Custodian of
          bonds held for the State Permanent School
          Fund, liable to said fund for bonds and/or
          interest on bonds becoming delinquent?"

Honorable Jesse James, page #2

Replying to the above you are advised that Article 4392, Vernon's Civil Statutes, seems to be the only article in the statutes relating to the duties of the State Treasurer with respect to the handling of municipal bonds, which article reads as follows:

"The Treasurer shall keep a bond book in which to enter all warrants or authorizations to receive or relinquish bonds held by him and belonging to any State fund. The Treasurer shall also keep appropriate ledger accounts showing a short description of the essential features of each, of each bond or of each purchase of similar or like bonds, or other securities purchased by and belonging to the permanent school and other funds of the State; each of which accounts shall be charged with the principal of such bond or purchase, and with each separate item of interest payments to accrue thereon, and shall be credited with payments as made. He shall also keep controlling or total accounts of such bonds or other securities in the general ledger; which accounts shall be kept with respect to the total amount of bonds or other securities belonging to each separate fund; and also controlling accounts for interest to accrue on such bonds, to be set up at the beginning of each fiscal year, on bonds or other securities owned at that time, for interest to accrue for the fiscal year, and for interest on subsequent purchases during the year to be set up when such bonds or securities are purchased; each of which controlling accounts shall be balanced monthly with the sum of the individual accounts for bonds or securities; which accounts shall be balanced monthly and shall correspond with the like accounts kept by the Comptroller. Acts 2nd C.S. 1909, p. 433; Acts 1931, 42nd Leg., p. 396, ch. 242, Sec. 1."

Honorable Jesse James, page #3

In view of the foregoing, you are advised that the law does not require the State Treasurer to notify the county, city or district when bonds and/or interest on bonds of such county, city or district become due. You are further advised that, as custodian of bonds held for the State Permanent School Fund, the State Treasurer is not liable to said fund for bonds and/or interest on bonds becoming delinquent.

Trusting that we have satisfactorily answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
C. P. Gibson
Assistant

CPG-s
oro
c.c.R.

APPROVED SEP 22, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN

